**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
<u>CIVIL MINUTE ORDER</u>**

| **Case No.:** 18-cv-05329-JCS | **Case Name:** Javier Banda v. John Deere | |
|---|---|---|
| **Chief Magistrate Judge: JOSEPH C. SPERO*** | **Date**: May 21, 2020 | **Time:** 1 H 47 M |

**Attorney for Plaintiff:** Robert Arns*
**Attorney for Plaintiff Intervenor:** Susan Kirkgaard*
**Attorney for Defendant:** Rebekka Martorano*, Tim Ryan*

**Deputy Clerk:** Karen Hom*                **Court Reporter:** Ruth Levine Ekhaus*

<u>**PROCEEDINGS**</u>

1. Final Pretrial Conference – Held

A. Deere's Motion in Limine #2 to Exclude Evidence of OSHA Regulation 8 CCR §1592 and Evidence or Argument that Additional Backup Alarm was Required by OSHA Regulations [dkt 103] - **GRANTED** based on Plaintiffs' stipulation that they do not intend to rely on Section 1592 (the regulation at issue in this motion in limine).

B. Plaintiff's First Motion in Limine to Allow Use of Jury Questionnaire [dkt 104] - **DENIED**.

C. Deere's Motion in Limine #3 to Exclude Evidence of Other Accidents, Complaints or Lawsuits [dkt 105] – **GRANTED**. To the extent Deere seeks to introduce evidence at trial that there have been no other similar accidents, it will be required to lay a proper foundation for such.

D. Deere's Motion in Limine #4 To Exclude Evidence of Consideration of Race and Gender in Charles Mahla Damages Calculations [dkt 106] - **MOTION WITHDRAWN BY DEERE. DEERE ALSO WITHDRAWS THE SUPPLEMENTAL MAHLA REPORT**. The Court further rules that Deere will not be permitted to refer to the supplemental Mahla Report at trial and Plaintiffs will not be permitted to refer to Mahla's reliance on race as a factor that was taken into account in his original damages report.

E. Plaintiff's Motion in Limine #4 to Permit Demonstrative Evidence in Plaintiff's Opening Statement [dkt 107] – **GRANTED IN PART AND DENIED IN PART**. Plaintiffs will be permitted to offer the following evidence: the aerial photographs and maps of the project location, the fact board (so long as it accurately reflects the Court's rulings as to witnesses), the skeleton of the human body, the photographs taken at the scene of the accident, the photographs of the backhoe, the photographs of Banda and his family, the company logos, the headshots of Plaintiffs' experts, the Doherty animations, and the model of the backhoe. The following are excluded: The Day in the Life video, the mechanical bell and ECCO alarm

and the photographs and videos created by Plaintiffs' expert Mark Dimas. In addition, Plaintiffs will not be permitted to reference any jury instructions in their opening argument.

F.  Deere's Motion in Limine #5 to Exclude Evidence of Certain Damages [dkt 108] - **GRANTED** as to household services by Mr. Banda and attendant care services of Mrs. Banda that are not already included in Banda's life care plan. **DENIED** as to evidence regarding duplicative damages.

G. Plaintiff's Motion in Limine #5 to Allow Plaintiffs to Reference Jury Instructions [dkt 109] – **DENIED**. Plaintiffs will not be permitted to reference any jury instructions in their opening argument. The Court will decide at the close of evidence whether there is a sufficient evidentiary basis to warrant instructing the jury as to the consumer expectations test. The parties will be permitted to offer evidence relevant to that test at trial in connection with Plaintiffs' allegation that the backhoe should have been equipped with a back-up alarm that sounded when it rolled in reverse while in neutral gear. Plaintiffs stipulated that they are not relying on the consumer expectation test with respect to the other defects that they allege. The Court finds that Mr. Banda is an ordinary user of the backhoe that is the subject of this case. It further finds that the safety expectations of an ordinary user of the backhoe are beyond the experience of the jury and therefore that expert testimony is required to address that question.

H. Deere's Motion in Limine #6 to Exclude Previously Undisclosed Witnesses and Evidence [dkt 110] - **GRANTED IN PART AND DENIED IN PART.** Banda's family members (Ceydi, Andres and Ascion Banda) will be permitted to testify at trial so long as a foundation is laid as to personal knowledge. Witnesses Joe Rogovoy, Nicole Young and the Paradigm PMK will also be permitted to testify. The photographs and videos of Plaintiffs' expert Mark Dimas, the photographs and exemplars of a mechanical bell and the ECCO alarm (Exhibits 115-118) , are excluded. The Day in the Life video is excluded but Plaintiff may offer the family photographs into evidence.

I.  Plaintiff's Motion in Limine #7 to Preclude Any Evidence of Custom and Practice in the Industry [dkt 111] - **DENIED without prejudice**. Deere will be permitted to offer evidence of the custom and practice of other manufacturers with respect to the safety features Plaintiffs contend the backhoe should have had so long as it can lay a foundation that the decisions of other manufacturers not to include those features on their products were a result of weighing the risks and benefits of those features. If such evidence is admitted, the Court will give the limiting instruction requested by Plaintiffs.

J. Deere's Motion in Limine # 7 to Limit the Testimony of John Edwards, MD, to his Role as Treating Physician [dkt 112] - **GRANTED.** Dr. Edwards will be permitted to testify only as a percipient witness.

K.  Plaintiff's Motion in Limine #9 to Permit Plaintiff to Discuss Responsibility for Past and Future Medical Care [dkt 113] - **GRANTED IN PART AND DENIED IN PART**. Deere will not be permitted to argue to the jury or present evidence that Banda's future medical care will be paid for through a private health insurance plan.  On the other hand, Plaintiffs will not be permitted to argue to the jury or present evidence that Travelers will be reimbursed from the verdict or that all of Banda's future medical costs will come out of the verdict.

L.  Deere's Motion in Limine #1 to Exclude Power Point Presentation by Brian Doherty [dkt 114] - **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs will be permitted to present the Doherty Powerpoint presentation, including animations, during trial.  They will not be permitted to show the Doherty Powerpoint presentation during opening argument.

## **ORDERED AFTER HEARING**

The current trial date is vacated, and will be reset at the next case management conference. The parties shall meet and confer and file a joint statement on a plan for this case (e.g., settlement, trial).
Trial schedule will be 8:30 AM to 2:30 PM Monday through Thursday. Court is dark on Friday except for jury deliberations.
Each side will have ten (10) trial hours, which does not include opening or closing statements.
Plaintiff Intervenor Travelers will have two (2) trial hours.
All witnesses are excluded except for the plaintiff, a party representative, and experts.
All counsel shall be present at 8:00 AM on trial days to discuss any matters outside the presence of the jury.
There will be no approaching of witnesses due to social distancing.
No party may use documents or exhibits if they have not been disclosed on the lists.
Ten (10) jurors will be selected.  Each side will have ten minutes to voir dire the jury panel.
Plaintiff and Plaintiff Intervenor will have to divide up their ten minutes.
Each side will have three (3) peremptory challenges. Plaintiff and Plaintiff Intervenor will have a combined total of 3 peremptory challenges, which they may divide up or exercise jointly.
Parties shall meet and confer and file a joint one paragraph statement about the case to be read to the jury venire.
Plaintiffs assert a products liability claim based on alleged design defects in Deere's 310J Backhoe.  Deere denies liability and asserts as an affirmative defense that the accident was caused by the negligence of Plaintiff Javier Banda, his employer (Vulcan) and/or the operator of the backhoe.
Parties shall meet and confer on the jury instructions.
The parties shall meet and confer and submit a stipulation explaining the calculation of damages for each party and a revised verdict form consistent with the discussion between the Court and counsel at the Pretrial Conference.
Parties stipulate that all documents are authentic and that copies are originals.
Parties will meet and confer on the deposition designations excerpts.

**CASE CONTINUED TO:**   06/26/2020 at 2:00 PM for a further case management conference to discuss future plan for this case. Clerk will notify the parties as to the method of communication.

**Order to be prepared by:**
 [ ] Plaintiff        [ ] Defendant         [ ] Court
**cc:**
*All appearances were via Zoom Webinar